UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RODERICK MADISON, individually, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | File No. _____ |
| v. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| a North Carolina Limited Liability | ) | **JURY TRIAL REQUESTED** |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1.     Plaintiff, RODERICK MADISON (hereinafter referred to as "Plaintiff" and "MADISON"), was employed by Defendant, LOWE'S HOME CENTERS, LLC (hereinafter referred to as "Defendant" and "LOWE'S") as an "Assistant Store Manager" (hereinafter referred to as "ASM").

2.     Plaintiff worked for LOWE's at various locations within Georgia throughout his employment from 2007 through June 2016.

3.     Plaintiff brings this action against LOWE'S under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b).

4.     LOWE'S misclassified Plaintiff as exempt under the FLSA and failed

1

to pay Plaintiff time and one-half wages for all hours Plaintiff worked for LOWE'S above forty (40) hours in a workweek in multiple work weeks during the three (3) year statute of limitations period between approximately May 2014 and June 2016.

5.      Plaintiff is entitled to (1) unpaid overtime wages from LOWE'S for all hours worked by him above forty (40) hours per week in all weeks between approximately May 2014 and June 2016 for which he did not receive overtime premium pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; (ii) liquidated damages pursuant to the FLSA; (iii) attorneys' fees and costs from LOWE'S under the FLSA; and (iv) and declaratory relief under the FLSA.

## JURISDICTION AND VENUE

6.      Jurisdiction over Plaintiff's FLSA claims is based upon 28 U.S.C. §1337.

7.      Plaintiff's claims involve matters of national or interstate interest.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as all of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Georgia.

9.      LOWE'S is subject to personal jurisdiction in the Southern District of Georgia.

10. Based upon information and belief, the annual gross sales volume of LOWE'S has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016.

11. At all times material to this Complaint, including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016, LOWE'S has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

13. Plaintiff was, at all relevant times, an adult individual, residing in Pooler, Georgia.

14. Defendant, LOWE'S, is a North Carolina Limited Liability Company that has owned and/or operated a chain of retail home improvement and appliance stores at hundreds of locations throughout the United States including, at all times material to this action, a store location in Pooler, Georgia, within the jurisdiction of this Court.

15. LOWE'S was and is doing business in Georgia.

16. Plaintiff was employed by LOWE'S from approximately 2007 until

June 2016 as an ASM.

17.     During numerous work weeks in the three (3) year statute of limitations period between approximately May 2014 and June 2016, Plaintiff worked in excess of forty (40) hours per workweek for LOWE'S without receiving time and one-half wages from Defendant for all of Plaintiff's actual hours worked in excess of forty (40) hours per week as required by the FLSA.

18.     During Plaintiff's employment within the three (3) year statute of limitations period between approximately May 2014 and June 2016, LOWE'S paid Plaintiff average gross weekly wages of approximately $1,134.62 per week without overtime compensation at the rate of time and one-half Plaintiff's applicable regular rate of pay for all of his actual hours worked in excess of forty (40) hours per week for Defendant throughout the statute of limitations period.

## FACTUAL ALLEGATIONS

19.     During the three (3) year statute of limitations period between approximately May 2014 and June 2016, Plaintiff worked as an ASM in LOWE'S store in Pooler, Georgia with primary duties that consisted of the following non-exempt tasks: (a) assisting customers; (b) ringing up the register; and (c) regularly carrying out manual labor, including but not limited to unloading trucks and merchandise.

20.     During Plaintiff's employment within the three (3) year statute of

limitations period between approximately May 2014 and June 2016, LOWE'S misclassified Plaintiff as "exempt" from the overtime compensation requirements of the FLSA despite Plaintiff's primary job duties being non-exempt in nature and not involving the exercise of discretion and independent judgment, nor were Plaintiff's primary duties administrative support for Defendant's back-of-the-house general business operations.

21.    Plaintiff's activities while working at LOWE'S store included but were not limited to, cashiering, unloading trucks, assisting customers, and performing the same duties as Defendant's hourly, non-exempt employees.

22.    Plaintiff's primary duties and the work performed by Plaintiff for LOWE'S required little skill and no capital investment. These duties did not substantially include managerial responsibilities or the exercise of independent judgment.

23.    Rather, Plaintiff devoted the majority of his time working for LOWE'S to many insignificant duties and duties identical to non-exempt positions, including, for example, hourly, non-exempt store associates and department managers.

24.    Plaintiff's primary duty as an ASM for LOWE'S was not management of the Pooler store or any subdivisions.

25.    Plaintiff regularly performed manual labor between approximately

May 2014 and June 2016 as part of his primary duties in LOWE'S store.

26.    Plaintiff had minimal, if any, involvement in interviewing, hiring, and/or firing employees for LOWE'S.

27.    Plaintiff did not have the authority to—and did not hire, fire, or promote employees—on his own for LOWE'S.

28.    Similarly, Plaintiff could not discipline employees on his own, since LOWE's Human Resources had to approve corrective action before it was issued.

29.    Plaintiff's recommendations regarding promotions at LOWE'S were not followed by Defendant.

30.    Plaintiff's work was performed for the benefit of LOWE'S, in the normal course of Defendant's business, and was integrated into the business of Defendant.

31.    Plaintiff regularly worked in excess of forty (40) hours per week for LOWE'S during his employment with Defendant during the three (3) year statute of limitations period between approximately May 2014 and June 2016.

32.    During the three (3) year statute of limitations period between approximately May 2014 and June 2016, LOWE'S failed to comply with the record keeping requirements of the FLSA by, among other things, failing to maintain contemporaneous, accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff as required by the

FLSA; and failing to pay overtime compensation for all of the actual hours worked in excess of forty (40) hours per week by Plaintiff each week between May 2014 and June 2016.

33.     Despite the record keeping requirements of the FLSA, 29 C.F.R. §§516.2, 516.6, LOWE'S failed to maintain records of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff for Defendant for each and every work week during the three (3) year statute of limitations period.

34.     Upon information and belief, it is LOWE'S uniform policy and procedure not to pay ASMs overtime compensation at the rate of time and one-half their applicable regular rates of pay for all hours worked in excess of forty (40) hours per week.

35.     Pursuant to a centralized, company-wide policy, pattern, and/or practice, LOWE'S has misclassified ASMs as exempt from the overtime provisions of the FLSA.

36.     Throughout the three (3) year statute of limitations period between approximately May 2014 and June 2016, LOWE'S had knowledge of the hours worked in excess of forty (40) hours per week by Plaintiff as a non-exempt employee for the benefit of Defendant but LOWE'S nonetheless willfully failed to compensate Plaintiff for his overtime hours, instead accepting the benefits of the

work performed by Plaintiff without the overtime compensation required by the FLSA.

37.     LOWE'S unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

38.     LOWE'S knew that Plaintiff was not performing primary duties that complied with any FLSA exemption for each and every work week during the statute of limitations period between approximately May 2014 and June 2016.

39.     LOWE'S is a substantial corporate entity aware of its obligations under the FLSA.  Accordingly, Defendant acted willfully or recklessly in failing to classify Plaintiff as a non-exempt employee.

40.     The complete records concerning the compensation actually paid by LOWE'S to Plaintiff during the statute of limitations period between approximately May 2014 and June 2016 are in the possession, custody, and/or control of Defendant.

## COUNT I:  OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

41.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 above.

42.     At all relevant times, LOWE'S has been and continues to be, an

enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, LOWE'S employed Plaintiff within the meaning of the FLSA.

44.     Upon information and belief, at all relevant times, LOWE'S has had gross revenues in excess of $500,000 per year.

45.     At all relevant times, LOWE'S had a policy and practice of refusing to pay overtime compensation to Plaintiff and Defendant's Assistant Store Managers for all hours worked in excess of forty (40) hours per workweek.

46.     As a result of LOWE'S willful failure to record, report, credit and/or compensate Plaintiff, Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

47.     At all times material to this Complaint, LOWE'S had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff with time and one-half wages for all of his actual overtime hours worked between May 2014 and June 2016 based upon, among other things, Defendant failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and Defendant failing to pay

overtime compensation for all of the actual hours worked in excess of forty (40) hours per week by Plaintiff each week between May 2014 and June 2016.

48.     LOWE'S knew or recklessly disregarded the fact that Plaintiff was primarily performing manual labor and non-exempt tasks.

49.     As a result of LOWE'S FLSA violations, Plaintiff is entitled to recover from Defendant: (a) Plaintiff's unpaid overtime wages for all the hours that he worked in excess of forty (40) hours per week for Defendant within the three (3) year statute of limitations period between approximately May 2014 and June 2016; (b) an additional, equal amount from LOWE'S as liquidated damages for Defendant's willful violation of the FLSA; (c) Plaintiff's reasonable attorneys' fees, and costs of disbursements of this action, pursuant to 29 U.S.C. § 216(b).

50.     Because LOWE'S violations of the FLSA have been reckless and/or willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, RODERICK MADISON, respectfully requests that this Court enter a judgment for Plaintiff and against Defendant, LOWE'S HOME CENTERS, LLC, granting the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An award of unpaid overtime wages for all hours worked by Plaintiff in

excess of forty (40) hours per week under the FLSA;

c. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216(b);

d. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes on the wage amounts awarded;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted on this 25th day of May, 2017.

By:   *s/Edward D. Buckley*
      Edward D. Buckley
      Georgia Bar No. 092750
      edbuckley@buckleybeal.com
      Rachel E. Berlin*
      rberlin@buckleybeal.com
      Georgia Bar No 707419
      BUCKLEY BEAL, LLP
      1230 Peachtree Street, NE

Suite 900
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

*s/Keith M. Stern**
Keith M. Stern
Florida Bar No. 321000
employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031

*Attorneys for Plaintiff*

*Motion to Admit *Pro Hac Vice* to be filed

DocuSign Envelope ID: 9B597829-077C-45E6-BB61-DF46C74C8C38

## **CONSENT TO JOIN FORM**

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Lowe's Home Centers, LLC</u>, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the law firms Buckley Beal, LLP and the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.


<u>Roderick Madison</u>                              5/18/2017
Printed Name


DocuSigned by:

7A01F7596E494CD...