IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **RODERICK MADISON, individually**<br><br>Plaintiff,<br><br>v.<br><br>**LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company,**<br><br>Defendant. | CIVIL ACTION NO. 4:17-CV-00095 |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Come now, Plaintiff, RODERICK MADISON, and Defendant, LOWE'S HOME CENTERS, LLC, by and through their respective counsel, and jointly move the Court to (a) approve the settlement reached by the parties under the Fair Labor Standards Act ("FLSA"); and (b) dismiss the case with prejudice. As grounds for this Motion, the parties show the Court as follows:

1. Plaintiff Roderick Madison ("Madison") worked for Defendant Lowe's Home Centers, LLC ("Lowe's"), beginning in June 2007. In May 2010, Madison became an Assistant Store Manager and in October 2012 he moved to the Lowe's Pooler, Georgia store where he remained until his termination from employment in June 2016. Madison filed a Complaint (doc. #1) against Lowe's in which he alleges that Lowe's misclassified him as an exempt employee and seeks unpaid overtime wages under the FLSA, 29 U.S.C. Section 201, *et seq.*

2. Lowe's denies any wrongdoing under the FLSA and disputes Madison's claim, asserting several defenses, including a good faith defense to liquidated damages and any willful violation of the FLSA. *See* Answer (doc. #11).

3. The parties confirm that they have a bona fide dispute regarding Madison's proper classification, whether he is owed unpaid overtime wages, and, if so, the number of overtime hours he actually worked and the extent of any potential unpaid overtime wages or damages. Lowe's continues to maintain that Madison has been properly classified at all times and was fully compensated for all of his hours worked as required by law, that Lowe's has been in compliance with the FLSA at all times, and that Lowe's has acted in good faith and not in willful violation of the FLSA.

4. Despite their dispute, the parties have negotiated a compromise to resolve Madison's FLSA claims and related claim for attorneys' fees and costs in this lawsuit. A copy of the parties' fully executed Settlement and Release Agreement resolving Madison's claims in this case is hereby filed in the public record and attached hereto as Exhibit A. The proposed Settlement and Release Agreement does not release any claims other than Madison's FLSA claims.

5. After several months of negotiations and without making any admissions, the parties agreed to a compromise to resolve Madison's FLSA claims in this case. Madison's weekly salary was approximately $1,134.62 per week in gross wages. Lowe's contends that his salary was intended to compensate Madison for all hours worked, such that the most Madison could recover in this case would be calculated on a half-time basis under the FLSA pursuant to the "fluctuating workweek method." The number of hours Madison actually worked each week varied and is disputed, just as it is also disputed whether the two-year statute of limitations period or the three-year statute of limitations period (for willful violations) under the FLSA would apply. For the purpose of compromise, the parties agree that assessing an average of 10 hours of overtime each week for Madison would be reasonable. Based on a two-year statute of

limitations under the FLSA, Madison would have been entitled to approximately 55 weeks of overtime had he prevailed in the lawsuit. Therefore, in exchange for Madison receiving consideration in the settlement of his FLSA claims in this case for ten (10) hours of overtime per week during a total of fifty-five (55) weeks at the rate of $11.35 per hour [$1,134.62/50 hours = $22.69/2 = $11.35/hour], Lowe's has agreed to pay Madison $6,242.50 [$11.35/hour x 10 OT hours/week x 55 weeks = $6,242.50] in compromise consideration for alleged unpaid overtime wages, plus an additional $6,242.50 in separate consideration from Lowe's for alleged liquidated damages. As a result, Madison will receive payment from Lowe's in the gross amount of $12,485.00 for his underlying FLSA claims in this case, separate from attorneys' fees and costs.

6. In addition to the payments from Lowe's to Madison to resolve his underlying FLSA claims for alleged overtime wages and liquidated damages, the parties also separately negotiated the resolution of Madison's claims for attorneys' fees and costs in this case without regard to the settlement sum.. In this regard, Lowe's has agreed to pay Madison's counsel, Keith M. Stern, P.A. and Buckley Beal LLP, the total sum of $5,515.00 to resolve Madison's claims for fees and costs in this case, in connection with which costs of $897.00 were incurred from the filing fee, *pro hac vice* fees, and service, and attorneys' fee time of Madison's counsel since mid-May 2017 includes $7,125.00 of Keith M. Stern, Esq. [$475/hour x 15 hours], $2,252.50 of Rachel Berlin, Esq. [5.3 hours x $425.00/hour], and $262.50 for Edward D. Buckley, Esq. [0.5 hours x $525.00/hour]. Because the compromise has been accepted to resolve all of Madison's claims for fees and costs incurred in this case, Madison has no responsibility for any out-of-pocket sum.

7. The parties respectfully submit that the foregoing amounts are a reasonable compromise to resolve the disputes between the parties regarding Madison's claims in this action

for unpaid overtime wages, liquidated damages, attorneys' fees, and costs and therefore should be approved by the Court.

8. Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.

9. Counsel for the parties represent that in their opinion the probability of success on the merits was not certain, and that Madison faced a risk of losing his claim on the merits.

10. Counsel for the parties represent that, considering the evidence, Lowe's defenses and the overall strengths and weaknesses of Madison's FLSA claim, it is their opinion that the amount offered by Lowe's represents a reasonable compromise of the FLSA claim based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

11. Counsel for the parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

### A. Standard of Review

Judicial review and approval of a tentative FLSA settlement may be required to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As summarized by the Eleventh Circuit in *Lynn*: "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations." *Id.* at 1352-53. In the context of private FLSA

lawsuits, the district court may approve a proposed settlement and dismiss the underlying lawsuit "after scrutinizing the settlement for fairness." *Id.* at 1353.

Courts are required to scrutinize proposed FLSA settlements to determine whether they represent "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the Court finds that the criteria have been fulfilled, it may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.   In determining whether the settlement is fair and reasonable the Court should consider the following factors:

   (1) the existence of fraud or collusion behind the settlement;
   (2) the complexity, expense, and likely duration of the litigation;
   (3) the stage of the proceedings and the amount of discovery completed;
   (4) the probability of Plaintiff's success on the merits;
   (5) the range of possible recovery; and
   (6) the opinions of counsel.

*See Leverso v. S. Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (citing with approval factors used by district court to determine whether class action settlement was fair and reasonable); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007) (adopting class action settlement factors from *Leverso* for the FLSA settlement context).  *See also Carmen Martinez v. Excel Hosp., LLC,* No. 1:16-CV-1493-WSD, 2017 WL 359818, at *2 (N.D. Ga. Jan. 24, 2017); *Howard v. Peachtree Serv. Experts, LLC,* No. 1:09-CV-0935-WSD, 2009 WL 10671044, at *2 (N.D. Ga. Aug. 13, 2009).  There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 WL 328792, at *2 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).  *See also Carmen,* 2017 WL 359818, at *2; *Howard,* 2009 WL 10671044, at *2.

### B. All of the Relevant Criteria Favor Final Approval of the Proposed Settlement.

Courts have found no fraud or collusion in instances where both parties were represented by counsel and the amount to be paid to the plaintiff seemed reasonable. *See, e.g.*, *Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006). Counsel are ethically bound to "vigorously represent their clients' rights," which increases the probability of a fair and reasonable settlement. *Id.;* *Morris v. Augusta-Richmond Cnty., Ga.,* No. 1:14-CV-196, 2017 WL 1078643, at *1 (S.D. Ga. Mar. 21, 2017).

In the instant action, both parties are independently represented by experienced employment counsel well-versed in FLSA litigation. As discussed in *Helms*, counsel are obligated to vigorously defend their clients' rights, and have done so here. There was no fraud or collusion, as the terms of the proposed settlement were reached through arms-length negotiations and each party's counsel concur that the settlement is fair and reasonable under the circumstances. Moreover, the fact that the attorney fees and costs were negotiated separately from Madison's underlying recovery "is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel." *Hicks v. Vortex Marine Constr., Inc.*, No. 616CV1226ORL41TBS, 2017 WL 2664362, at *3 (M.D. Fla. June 7, 2017), *report and recommendation adopted*, No. 616CV1226ORL41TBS, 2017 WL 2655127 (M.D. Fla. June 19, 2017). *See also Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co.,* No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015).

The complexity, expense, and likely duration of the litigation also favor approval of the settlement. This is an FLSA misclassification action in which liability is uncertain. Determining liability would involve complex, fact-intensive analysis. Moreover, should liability be determined in Madison's favor, calculation of damages would also be a lengthy and complex process. The range of possible recovery would depend on a number of factors, all of which are disputed, including without limitation (a) how many overtime hours Madison actually worked during any given week and the frequency with which Madison's hours were in excess of 40 hours per week, (b) whether a two- or three-year statute of limitations would apply, (c) whether liquidated damages would attach to any back wage allocation, and (d) how any back wages would be determined as there are at least two acceptable methods for calculating such wages under the FLSA.

The parties remain in disagreement as to the merits of the claims and defenses asserted in this case. In a good faith attempt to avoid unnecessary expenses, neither party has engaged in discovery, favoring instead efforts to resolve the matter without substantial expense. Continued litigation would be costly. This settlement is advantageous for both parties as a way to minimize future litigation risk and costs.

Counsel have exchanged sufficient information to allow the parties to reach an informed, reasonable compromise in this matter. Resolving the case at this early stage also advantages the parties because they have yet to engage in costly discovery or motions practice. All of the undersigned counsel are of the opinion that the proposed settlement is a fair and reasonable resolution of Madison's claims.

**Conclusion**

WHEREFORE, the parties respectfully request that this Honorable Court enter an Order:

(1) GRANTING this Motion;

(2) APPROVING the settlement;

(3) DISMISSING this case with prejudice; and

(4) ORDERING such further relief as the Court deems appropriate.

This 1st day of September, 2017.

| BUCKLEY BEAL, LLP | HUNTER, MACLEAN, EXLEY & DUNN, P.C. |
|---|---|
| */s/ Edward D. Buckley* <br> Edward D. Buckley <br> Georgia Bar No. 092750 | */s/ Sarah H. Lamar* <br> Sarah H. Lamar <br> Georgia Bar No. 431185 |
| */s/ Rachel E. Berlin* <br> Rachel E. Berlin <br> Georgia Bar No. 707419 <br> 1230 Peachtree Street, NE <br> Suite 900 <br> Atlanta, Georgia 30309 <br> Telephone: (404) 781-1100 <br> Email: ebuckley@buckleybeal.com <br> Email: rberlin@buckleybeal.com | */s/ Kathryn W. Bailey* <br> Kathryn W. Bailey <br> Georgia Bar No. 343774 <br> 200 E. Saint Julian Street <br> Post Office Box 9848 <br> Savannah, GA 31412-0048 <br> Telephone: (912) 236-0261 <br> Email: slamar@huntermaclean.com <br> Email: kbailey@huntermaclean.com |
| | *Attorneys for Defendant* |

LAW OFFICE OF KEITH M. STERN, P.A.

*/s/ Keith M. Stern*
Keith M. Stern
Florida Bar No. 321000
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Email: employlaw@keithstern.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **RODERICK MADISON, individually** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 4:17-CV-00095 |
| ) | |
| **LOWE'S HOME CENTERS, LLC, a** ) | |
| **North Carolina Limited Liability** ) | |
| **Company,** ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **JOINT MOTION TO APPROVE FLSA SETTLEMENT** upon all parties to this matter by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Edward D. Buckley | Keith M. Stern |
| Rachel E. Berlin | Law Office of Keith M. Stern, P.A. |
| Buckley Beal, LLP | One Flagler |
| 1230 Peachtree Street, NE, Suite 900 | 14 NE 1st Avenue, Suite 800 |
| Atlanta, Georgia 30309 | Miami, Florida 33132 |
| Email: ebuckley@buckleybeal.com | Email: employlaw@keithstern.com |
| Email: rberlin@buckleybeal.com | |

This 1st day of September, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Sarah H. Lamar
Georgia Bar No. 431185
*Attorney for Attorneys for Defendant*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Email: slamar@huntermaclean.com

# EXHIBIT "A"

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into and effective as of August 23, 2017 (the "Effective Date"), by and between Roderick Madison ("Madison"), on the one hand, and Lowe's Home Centers, LLC ("Lowe's"), on the other hand. Madison and Lowe's are collectively referred to as the "Parties" and individually referred to as a "Party."

## RECITALS

The Agreement is entered into with reference to the following facts:

**WHEREAS,** Madison filed a lawsuit against Lowe's now pending in the U.S. District Court for the Southern District of Georgia, Case No. 4:17-cv-00095-WTM-GRS (the "Action"), asserting a claim under the Fair Labor Standards Act ("FLSA");

**WHEREAS,** a dispute has arisen among the Parties with respect to the events giving rise to the Action and Lowe's disputes the allegations in their entirety;

**WHEREAS,** the Parties desire to compromise and settle the claims and disputes in this Action, without admitting any liability, and to resolve their rights and obligations as set forth herein;

**WHEREAS,** after balancing the benefits of settlement with the costs, risks, and delay of litigation, the Parties believe the settlement as provided in this Agreement represents a fair, reasonable, and adequate resolution of Madison's claims;

**NOW, THEREFORE,** in consideration of the mutual promises, covenants, and consideration contained in this Agreement, the sufficiency of which is hereby acknowledged, the Parties to this Agreement agree as follows:

## AGREEMENT

1. Incorporation of Recitals. The foregoing Recitals are incorporated as if stated in full and are true and correct.

2. Acknowledgement of Settlement; No Admission of Liability. The Parties to this Agreement acknowledge and agree that this Agreement is a compromise and settlement of disputed claims and that neither the execution nor the terms hereof may be construed as an admission of liability on Lowe's part with respect to these disputed matters, such liability being expressly denied.

3. Approval of the Agreement. The Parties agree to submit a joint motion, as attached hereto, to request court approval of the Agreement within seven (7) business days of receipt of a fully executed Agreement, attaching this Agreement as an exhibit thereto.

4. Payment by Lowe's. As consideration for the release and waiver of claims in this Action and the dismissal with prejudice thereof, Lowe's agrees to pay to Madison two (2) checks to resolve his underlying claims in the Action as follows: (a) one check in the amount of $6,242.50, minus applicable taxes and withholdings, for alleged overtime wages; and (b) one check in the amount

of $6,242.50, from which no withholdings shall be taken, for alleged liquidated damages. Lowe's further agrees to pay Madison's counsel by check payable to Keith M. Stern, P.A. Trust Account, $5,515.00 as consideration for Madison's attorneys' fees and costs in the Action. Except as otherwise stated herein, Madison agrees and acknowledges that he is solely responsible for all of his taxes, attorneys' fees, costs and expenses.

Such consideration shall be mailed to Madison's counsel within thirty (30) days after the occurrence of the following: (i) the execution of this Agreement by all parties; (ii) Lowe's receipt of fully executed W-9 tax forms from Madison's counsel and Madison; and (iii) the Court's approval of the Agreement.

5. <u>Dismissal of the Action</u>. Upon the Court's approval of this Agreement, Madison and his counsel will cooperate fully to prepare, execute, and file all usual and customary documents to affect dismissal with prejudice of the Action. *Madison agrees that this Agreement, including payment of the amounts in Paragraph 4, is expressly contingent upon the dismissal of the Action with prejudice.*

6. <u>Release and Waiver of Madison's claims</u>. In exchange for the consideration provided in this Agreement, Madison hereby releases and forever discharges Lowe's and its past and present parents, agents, representatives, trustees, affiliates, subsidiaries, successors, assigns, employees, principals, officers, directors, shareholders, investors, insurers and attorneys from any and all claims, damages, liabilities, demands, obligations, costs, expenses, attorneys' fees, losses, promises, disputes, actions and causes of action arising out of the FLSA, 29 U.S.C. § 201, *et seq.*, as related to Madison's employment with Lowe's, including any damages that Madison may be entitled to under the FLSA, any attorneys' fees that Madison may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Madison may be entitled to under the FLSA.

7. <u>Authority to Enter into Agreement</u>. Each of the Parties represents and warrants that any person executing this Agreement on his/its behalf has the full right and authority to enter into this Agreement on behalf of that Party, and has the full right and authority to execute this Agreement and to bind that Party fully to the terms and obligations of this Agreement. Each of the persons signing this Agreement on behalf of the Parties hereto makes the same warranties referred to herein.

8. <u>No Assignment and Indemnification</u>. Madison acknowledges that he has not heretofore assigned or transferred or purported to assign or transfer to any person any released matter encompassed by this Agreement or any part or portion thereof, and agrees to indemnify and hold harmless Lowe's from and against any rights, actions, claims, causes, causes of action, counts, suits, liabilities, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, bonds, bills, specialties, covenants, controversies, agreements, promises, damages, judgments, writs of execution, executions, liens, levies, attachments, contracts and demands of whatever nature or description, in law or in equity, whether now known or unknown, suspected or unsuspected, based on, in connection with, or arising out of any assignment or transfer, or claimed assignment or transfer.

9. <u>Severability</u>. If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or unenforceable, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected.

10. <u>Own Counsel</u>. This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of the Parties to this Agreement, with the full intent of releasing all claims as described herein. Each Party acknowledges that he or it: (a) has read this Agreement; (b) has been represented in the preparation and negotiation of this Agreement by legal counsel of his/its choice; (c) has received legal advice by such legal counsel prior to execution of this Agreement, if desired; (d) understands the terms and consequences of this Agreement and of the releases it contains; and (e) is fully aware of the legal and binding effect of this Agreement.

11. <u>Construction</u>. The Parties agree that they have been represented by counsel and have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, this Agreement shall not be construed for or against any particular Party, but rather the Agreement is to be construed to implement the mutual intent of the Parties. Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

12. <u>Modification</u>. Any modification of this Agreement must be in writing signed by all Parties.

13. <u>Duty to Cooperate</u>. The Parties hereto shall, at any time hereafter, make, execute, and deliver any papers or documents as any party hereto may reasonably require for the purpose of giving full effect to this Agreement and each of its provisions.

14. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to conflict of laws principles.

15. <u>Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of and be enforceable by the successors, assigns, and transferees of the Parties by operation of law.

16. <u>Headings</u>. The headings contained in this Agreement are for reference only and are not to be construed in any way as part of the Agreement.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts and transmitted by facsimile or by .pdf copy, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile, or .pdf signatures may be used and shall be deemed to be the original signatures for all purposes.

18. <u>Nullification of Agreement</u>. In the event the settlement does not become final for any reason, including the Court's failure to approve of this Agreement, this Agreement shall be null and void. In such event, the Parties shall be returned to their respective status as of the day immediately preceding the Effective Date, and the Parties shall proceed in all respects as if this Agreement had not been executed.

**IN WITNESS HEREOF,** the Parties to this Agreement hereto have duly executed this Agreement.

Dated: August 23, 2017

_____
Roderick Madison

LOWE'S HOME CENTERS, LLC

Dated: August 31, 2017

By: _____
Print Name: Andrew Ellis
             VP HR